

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*United States Courthouse*
*300 Quarropas Street*
*White Plains, New York  10601*

February 15, 2008

The Honorable Stephen C. Robinson
United States District Judge
Southern District of New York
300 Quarropas St.
White Plains, New York 10601

      Re:    <u>**United States v. Bernard Beebe**</u>**, 07 Cr. 542 (SCR)**

Dear Judge Robinson:

      On October 15, 2007, the defendant filed a motion to suppress statements he made to law enforcement agents in August 2006, and the motion was fully submitted on January 4, 2008.  As the Court is aware, however, at the February 1, 2008 hearing on the defendant's motion, the Court agreed to allow the defendant to submit a supplemental affidavit, as well as the names and citations of any cases with facts similar to those present here.  In response, the defendant submitted a supplemental affidavit, as well as a six-page letter brief.  The Government respectfully submits this letter in response.

      The defendant's supplemental affidavit, which curiously contains new allegations, still does not establish that the defendant was in custody at the time he made incriminating statements to law enforcement agents.  Nevertheless, the Government disputes the defendant's factual assertions and therefore consents to an evidentiary hearing to further develop the factual record.

      Tellingly, although the defendant has submitted a six-page supplemental brief, he identifies only one case that purportedly contains facts analogous to those here – <u>Tankleff v. Senkowski</u>, 135 F.3d 235 (2d Cir. 1998).  The facts in <u>Tankleff</u>, however, are entirely inapposite to the facts of this case.  In <u>Tankleff</u>, the police responded to Tankleff's 911 call from his family's residence, where they found his mother murdered and his father unconscious and severely wounded.  <u>Id.</u> at 240.  The police interrogated Tankleff, who was seventeen years old, for several hours, first in a police car at the scene and then at the police station where he was taken by detectives.  <u>Id.</u>  During the interrogation, the police pointed out inconsistencies in his story and told him that his account was "ridiculous and absurd." <u>Id.</u> The defendant persisted in denying any involvement until officers falsely told him that his father had awoken from a coma and accused him of the attacks. <u>Id.</u> at 241.

      The defendant here has alleged no facts that even approach the circumstances in <u>Tankleff</u>.  In fact, despite the defendant's claim to the contrary, the agents never presented Beebe with any <u>false</u>

The Honorable Stephen C. Robinson
February 15, 2008
Page 2

evidence of his guilt, much less something akin to falsely telling a seventeen-year old whose mother was just murdered and his father severely injured that his father had fingered him as the perpetrator. Moreover, he does not dispute that, unlike Tankleff, he went to the ICE office on his own, unaccompanied by any law enforcement officer.

Moreover, in the defendant's supplemental brief, in trying to distinguish certain cases relied upon by the Government, the defendant places great emphasis on the location of the interview. The law is clear, however, that the fact that the interview took place at the ICE office does not create a custodial environment, particularly where, as here, the defendant indisputably went to that office on his own. See Oregon v. Mathiason, 429 U.S. 492 (1977); United States v. Kirsteins, 906 F.2d 919 (2d Cir. 1990). Although cited by the Government in its opposition to the defendant's motion, the defendant fails even to address Kirsteins, a case in which the circumstances were more coercive than those here, but still did not amount to a custodial environment. Kirsteins, 906 F.2d at 919 (holding that interview was not custodial where defendant was questioned for hours at the U.S. Attorney's Office after having received a letter from the Department of Justice requesting his presence and a law enforcement agent accompanied defendant to the street and back during breaks in the interview).

Although the Government does not believe that the allegations set forth in the defendant's affidavits establish that he was in custody at the time he made incriminating statements to law enforcement agents, the Government disputes the defendant's allegations. Therefore, the Government believes an evidentiary hearing is appropriate to develop fully the factual record. The Government submits that the evidence adduced at the hearing will leave no doubt that the defendant's motion to suppress his statements should be denied.

    Respectfully Submitted,

    MICHAEL J. GARCIA
    United States Attorney

By: s/ Richard C. Tarlowe
    Richard C. Tarlowe
    Assistant United States Attorney
    (914) 993-1963

cc: Gary Greenwald, Esq. (By facsimile)