UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA             07 CR 542 (SCR)

                                     DECISION and ORDER

v.


BERNARD BEEBE

---

**STEPHEN C. ROBINSON, United States District Judge:**

The Defendant, Bernard Beebe, was indicted on one count of possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and one count of receiving and distributing child pornography in violation of 18 U.S.C. § 2252A(a)(2)(B). Before this Court is the Defendant's motion for an order suppressing physical evidence seized at his residence pursuant to a search warrant or, in the alternative, a hearing.[1] For the reasons stated below, the Defendant's motions are denied.

### I. Background

On August 23, 2007, law enforcement agents searched the Defendant's home pursuant to a search warrant. In the course of the search, the agents seized several computers which contained the evidence giving rise to the charges in the incident

---

[1] The Defendant has also moved for an order suppressing statements the Defendant is alleged to have made. The court granted the Defendant's request for a hearing on that issue. The hearing is scheduled for March 27, 2008. To the extent that the Defendant moved to suppress statements as fruit of the poisonous tree, the Defendant's motion to suppress statements is denied in accordance with this opinion. However the Court reserves its ruling on whether the statements are admissible pending the scheduled hearing.

1

indictment. The search warrant was based on an affidavit that set forth the following information.

On February 14, 2006, an Immigration and Customs Enforcement (ICE) Special Agent who was working undercover entered the website with the address www.firelols.biz (hereinafter "firelols.biz"). The website had a banner screen that displayed sexually explicit images depicting child pornography and advertised that many other images and videos were available. The agent clicked on a link on that site entitled "Instant Access" and was redirected to another website, www.hpay.biz (hereinafter "hpay.biz").

The hpay.biz website indicated that users could purchase 30-day and 60-day subscriptions to a list of thirteen websites, including firelols.biz. The website also set forth the prices for each site's subscriptions and described various methods of payment available, one of which was through an electronic commerce transaction company called "E-Gold." Hpay.biz described E-Gold as "a very easy way to join us and keep your privacy 100% guaranteed." In connection with its allowing users to purchase subscriptions to those thirteen websites, hpay.biz also offered users the opportunity to download free previews for each of them. The agents downloaded all of the material contained in the free previews for each of the thirteen websites and found that the downloaded material consisted exclusively of visual depictions that constitute child pornography. The agents subsequently purchased a subscription to one of the websites,

firelols.biz, and downloaded all of the material available on the site, which also consisted exclusively of child pornography.[2]

The agents also sent emails from undercover email accounts to a customer service email address listed in connection with one of the sites. In those emails, the agents claimed that they were having difficulty purchasing access and requested an E-Gold account number into which they could deposit funds to gain access to the website. Both agents received responses that provided them with E-Gold account numbers and instructions to deposit money directly into the referenced E-Gold accounts to purchase access. Based on this information, ICE issued a summons to E-Gold for the account profiles and transaction histories for all users who had purchased access to the websites through either of the two E-Gold account numbers that customer service had provided to the undercover agents.

Information received pursuant to the summons and verified by the agents revealed that one subscriber who had purchased access through one of the E-Gold accounts was an individual who gave the information of the Defendant, Bernard Beebe, with the address 110 Jewell Street, Maybrook, New York and the email address dbeebe1@hvc.rr.com. Beebe had purchased subscriptions to three of the websites listed on hypay.biz. Specifically, he purchased 30-day subscriptions to "CandyGirls" and "XLola" for $45 each on February 11, 2006, and later, on February 25, 2006, he purchased a 30-day

---

[2] The Government notes that in the course of the investigation, the agents also purchased subscriptions to the other twelve websites and downloaded all of the material on those websites. Government's Memorandum of Law at 13, n.3. This fact, however, was not clearly set forth in the affidavit, and therefore does not factor into the analysis of the warrant's legality.

3

subscription to "LolHouse" for $150. The amounts Beebe paid exactly match the prices listed on hypay.biz for subscriptions to those three websites.

In addition to setting forth the details of the ICE investigation and the information it revealed, the warrant affidavit also described typical characteristics and practices of child pornography collectors and how they use the internet in that regard.

Based on this affidavit, on August 1, 2006, Magistrate Judge George A. Yanthis authorized a warrant to search the Defendant's home. Law enforcement agents did not, however, execute the search warrant because they learned subsequent to its issuance that the Defendant and his family were away on vacation. By August 21, 2006 when they learned that the Defendant had returned, the search warrant issued by Judge Yanthis had expired. As a result, the Government sought and obtained another search warrant based on the same affidavit. Magistrate Judge Mark D. Fox signed that search warrant on August 22, 2006. The agents executed the search warrant the following day and seized evidence which the defendant now seeks to suppress.

## II. Discussion

The Defendant challenges the legality of the search warrant on the basis that the warrant affidavit failed to establish probable cause and was false or misleading. He seeks an order suppressing the evidence seized pursuant to the warrant. In the alternative, he requests a hearing to determine the sufficiency of the affidavit.

### a. Probable Cause

#### i. Applicable Law

Search warrants may only be issued "upon probable cause, supported by oath or affirmation." U.S. Const. Amend. IV. Probable cause is "a flexible common-sense standard." *Texas v. Brown*, 460 U.S. 730, 742 (1983). It is "a fluid concept—turning on the assessment of probabilities in particular factual contexts—not readily, or even usefully, reduced to a neat set of legal rules." *Illinois v. Gates*, 462 U.S. 213, 232 (1983). Thus, in making a determination of whether probable cause exists, a judge must "simply . . . make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Id.* at 238.

In reviewing a finding of probable cause by a magistrate judge, "the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed." *Id.* (internal quotations and citations omitted). Reviewing courts should pay substantial deference to a magistrate's determination of probable cause. *Id.* at 236. Indeed, "the magistrate's finding of probable cause is itself a substantial factor tending to uphold the validity of [a] warrant." and "doubts should be resolved in favor of upholding the warrant." *United States v. Travisano*, 724 F.2d 241, 345 (2d Cir. 1983).

### ii. Analysis

The Defendant contends that the affidavit lacks probable cause on its face because it does not state that the agents "actually viewed child pornography on any of the three websites" to which the Defendant purchased subscriptions or that the agents "were able to ascertain whether or not child pornography could be downloaded from any of these three websites." Defendant's Memorandum of Law (Def. Mem. of Law) at 3. The

Defendant takes issue with the fact that as purported in the affidavit the agents relied on the preview material downloaded from hpay.biz as opposed to downloading the material directly from the three websites to which the Defendant subscribed, Candygirls, Xlola, and Lolhouse. The Defendant goes on to assert that because the affidavit did not reflect that agents purchased material from those three websites, "[t]he magistrate herein was provided merely with bare conclusions and speculation formulated by [the agent] and was not provided with any of the specific evidence of the actual content of those sites . . . ." *Id.*

Regarding applicable law, the Defendant, citing the Second Circuit case *United States v. Martin*, 426 F.3d 68 (2d Cir. 2005),[3] maintains that "[i]n the context of purported child pornography websites, this Circuit has held that, in order to justify probable cause, at minimum, the Government must at least have evidence (1) that a person is a member of the pornographic site, and (2) that the 'overriding, if not sole purpose' of the website was the trading of child pornography." *Id.* at 5. This, however, is not the law. Though the Martin court found that probable cause may exist, and did exist in that case, where a person is a member of a pornographic website or e-group that has an unlawful purpose, the court did not set the bright line rule that the Defendant proposes. Indeed, in finding that the warrant in that case was supported by probable cause, the court applied the totality of the circumstances, "fair probability" analysis mandated by *Illinois v. Gates*, as this Court will do in the instant case.

In this case, the magistrate had a substantial basis to conclude that probable cause existed based on the affidavit. The defendant denies the relevance and discounts the

---

[3] Though the citation the Defendant provides is 418 F.3d 148 (2d Cir. 2005), the proper citation is to the superceding opinion, 426 F.3d 68 (2d Cir. 2005).

importance of much of the substance of the affidavit that supports a finding of probable cause in this case. The affidavit described a set of circumstances that the defendant does not dispute which clearly established a fair probability that evidence of a crime would be found at the defendant's home. Hpay.biz allowed users to view previews for and purchase access to thirteen sites, including the three for which Beebe purchased subscriptions. Agents downloaded all of the preview material for each of the sites and found it to exclusively consist of child pornography. Moreover, the agents did not rely solely on the preview pages, but rather subscribed to one of the sites and found that the website exclusively contained child pornography, thereby confirming that the preview page did in fact accurately represent the contents of that website. This Court also finds salient the facts that the prices the Defendant paid exactly matched the prices listed on hpay.biz, the Defendant had subscriptions to three of the thirteen sites listed on hpay.biz, and the agents were alerted to the Defendant's participation in the websites through the E-Gold account obtained from an email address associated with hpay.biz. These aspects of the affidavit corroborate that there was a link between hpay.biz, the Defendant, and the sites he subscribed to such that common sense would dictate that these are not mere coincidences, but instead that there is more than a fair probability that Beebe had purchased child pornography.

Contrary to the Defendant's argument, the magistrate's determination was not based on bare conclusions and mere speculation merely because the affidavit did not reflect that agents had downloaded material directly from the websites to which Beebe subscribed. The probable cause determination is a fluid, flexible one that requires an assessment of probabilities considering the totality of the circumstances. Considering all of the facts

and circumstances set forth in this affidavit, the magistrate undoubtedly was warranted to find that there was a fair probability that evidence of a crime would be found at the Defendant's home.

As the Government points out, the fact that two Magistrate Judges independently determined that the affidavit established probable cause further supports a finding that the affidavit was sufficient. *See Travisano*, 724 F.2d at 345.

Based on these facts and given the totality of the circumstances, there is a substantial basis to conclude that probable cause existed. [4]

### b. *Franks* hearing

#### i. Applicable Law

In *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978), the Supreme Court held that "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request." As the Supreme Court explained:

> To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should

---

[4] Even if the Court had not found that there was a substantial basis on which the magistrate could conclude there was probable cause, the good faith exception to the warrant rule would apply to preclude suppression of the evidence. The Defendant contends in his reply affirmation that this exception would not apply because the magistrate was misled by information the affiant knew was false and because the supporting affidavit lacked any indicia of probable cause. This Court disagrees. However, the Court need not reach the issue because it finds that the warrant was valid.

point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits of sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient.

*Franks*, 438 U.S. at 171.

To determine if the allegedly false or omitted information was necessary to the finding of probable cause, a court should disregard the statements at issue and determine whether the remaining portion of the affidavit would support probable cause to issue the warrant. *United States v. Canfield*, 212 F.3d 713, 718 (2d Cir. 2000). "The ultimate inquiry is whether, after putting aside erroneous information and material omissions, there remains a residue of independent and lawful information sufficient to support probable cause." *Id.* If the remaining information supports probable cause, a *Franks* hearing is inappropriate, *Franks*, 438 U.S. at 171-72. On the other hand, if the remaining content is insufficient to justify the warrant, the defendant is entitled to a hearing. *Franks*, 438 U.S. at 172.

The Defendant maintains that a *Franks* hearing is warranted because there is a false or misleading statement in the affidavit. The Defendant's argument in his Memorandum of Law is based on the statement in the affidavit that "all the websites had advertised that the images contained in the free previews were indicative of the material that would be found in the websites, themselves." Def. Mem. of Law at 12; Warrant ¶ 12. Affidavits submitted by defense counsel with the original motion and as a reply, however, point to the agent's "representation" that the websites to which Beebe subscribed were within the www.lolsites.biz group of child pornography sites as the problematic statement. Greenwald Aff. ¶¶19-20. Defense counsel's affidavit does not cite to a particular statement in the warrant application that makes this representation but

9

simply states that this representation was made. Because of this seeming discrepancy, the Court will treat the Defendant's argument as based on both points.

The Defendant asserts that the statement and representation are false or misleading because they imply that instead of relying on preview pages, the agent visited each site to determine whether the sites contained child pornography, whereas the Defendant posits he did not. The Defendant also alleges that the agents intentionally sought to mislead the court to believe that the websites to which Beebe subscribed were linked to the website for which the agents purchased a subscription and contends that without the misleading statements, probable cause would not exist.

The Defendant's request for a *Franks* hearing is denied. Beebe fails to make the requisite showing that a false statement was made intentionally or with reckless disregard for the truth. Furthermore, even without those statements, probable cause would exist.

The Defendant's motion is not accompanied by an offer of proof. Instead, it relies on the Defendant's conjecture, which according to the Government's Memorandum of Law which represents that the agents did, in fact, visit each site, is incorrect. The Defendant's conclusory statements, without more, do not merit a *Franks* hearing. Moreover, the Defendant's own argument defeats his claim, since his purported evidence that the statements were false or misleading is the remainder of the affidavit which, he argues, demonstrates that the statements he complains of are deceptive. Def. Mem. of Law at 12 ("Although this assertion was intended to induce the magistrate to assume that the websites themselves had advertised the images allegedly viewed by [the agent], this assertion clearly was false or misleading insofar as [the agents] never asserted that they actually visited any of the websites to which Defendant allegedly belonged.") It is

illogical to argue, as the Defendant does, that the agent intentionally sought to mislead the judge by suggesting he visited each of the sites while at the same time arguing that it is evident from the rest of the affidavit that he did not visit the other sites. While it may establish that the statement was vague or ambiguous, the Defendant's self-contradictory argument undercuts his claim that the statement was intended to mislead the judge and fails to make the showing required to entitle a defendant to a Franks hearing.

Even assuming the Defendant's argument had merit and the potentially misleading statements were disregarded, there would still be probable cause to issue the search warrant. The totality of the circumstances discussed above compels a finding that there was probable cause with or without those statements. As such, the Defendant's motion for a *Franks* hearing is denied.

### III. Conclusion

For the reasons set forth above:

1) The Defendant's motion to suppress physical evidence is DENIED.

2) The Defendant's request for a Frank's hearing is DENIED.

*It is so ordered.*

Dated: White Plains, New York
       March 19, 2008

Stephen C. Robinson, U.S.D.J.